MORRIS CLYMAN v. STATE. ·

No. 2371. Decided March 26, 1913.

1.—Disorderly House—Evidence.

Upon trial of keeping a disorderly house for the purpose of prostitution, there was no error in admitting testimony that the witness was a prostitute and plied her vocation in said house stating the attendant circumstances.

2.—Same—Charge of Court—City Ordinance.

Upon trial of keeping a disorderly house for purposes of prostitution, there was no error in the court's charge that a city was not authorized to set apart and designate any part of said city for the purpose of permitting prostitution.

3.—Same—Charge of Court—Separate Offenses.

In prosecutions for keeping a disorderly house for purposes of prostitution, where the State alleged separate offenses in different counts, there was no error in the court's charge instructing the jury to return a verdict upon each count in the indictment.

4.—Same—Charge of Court—Requested Charges.

Where the requested charges, which were applicable were substantially contained in the court's main charge, there was no error in refusing them.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of keeping a disorderly house for purposes of prostitution; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The indictment in this case contains three counts and charges that appellant, on the 8th, 10th and 12th days of July, 1912, was the owner, lessee and person in control of a certain house situate in Dallas County, and did unlawfully and knowingly permit said house to be used for the purpose of prostitution, and as a house where prostitutes were then and there permitted to resort and reside for the purpose of plying their vocation. He was convicted on all three counts.

Dorothy Ross was permitted to testify that she rented rooms in this house from appellant and paid him $1.50 per day as rent; that she was a prostitute and plied her vocation in this house. The court did not err in permitting her to so testify, and the circumstances are such that they authorized the jury to find that appellant had full knowledge of the facts when he rented the house and daily collected the rent.

The court, under the evidence adduced in this case, correctly instructed the jury that the City of Dallas was not authorized to set

apart and designate any part of said city for the purpose of permitting prostitutes to resort and reside therein for the purpose of plying their vocation,—to do so would be in violation of the laws of the State. Neither was it error for the court to instruct the jury to return a verdict upon each count in the indictment. In this character of case, the State can allege the offense to have been committed on each of several days in different counts, and sustain a conviction upon each count if the evidence justified such verdict.

The court's charge having fully covered all the law applicable to the case it was not necessary to give any of the special charges requested. The one which sought to have the court instruct the jury that if the premises were situate in what is known as the "reservation," and same had been set apart by the City of Dallas, for the segregation of prostitutes is not the law and should not have been given. This would violate a State law and the City of Dallas could not pass an ordinance in contravention thereof.

The judgment is affirmed.

*Affirmed.*